# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **LEKISHA REDDICK** ) | |
| ) | |
|     **Plaintiff** ) | |
| ) | **Case No.:** |
| **v.** ) | |
| ) | |
| **REPUBLIC PARKING SYSTEM** ) | **JURY TRIAL DEMANDED** |
| ) | |
|     **Defendant.** ) | |

## COMPLAINT

**I.   INTRODUCTION**

1.   This is an action for declaratory judgment, equitable relief, and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Act of Congress commonly known as "The Civil Rights Act of 1964," 42 U.S.C. §§ 2000(e) et seq. as amended by "The Civil Rights Act of 1991," 42 U.S.C. § 1981a  (hereinafter "Title VII") and 42 U.S.C. § 1981, which provide for relief against discrimination in employment on the basis of sex and race.  The plaintiff seeks compensatory and punitive damages, and requests a jury trial pursuant to 42 U.S.C. § 1981a.

**II.   JURISDICTION AND VENUE**

2.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 1343(4); 28 U.S.C. §§ 2201 and 2202; and 42 U.S.C. § 2000e-5(f)(3).

3.     The unlawful employment practices alleged hereinbelow were committed by the defendant within Jefferson County, Alabama.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(g).

4.     The plaintiff requests a jury trial on all issues pursuant to 42 U.S.C. § 1981a.

### III.  PARTIES

5.     Plaintiff, Lekisha Reddick ("Reddick" or "Plaintiff"), is an African-American female citizen of the United States, and a resident of Birmingham, Alabama. Reddick is currently employed by the Defendant.

6.     Defendant, Republic Parking Systems (hereinafter "Republic" or "Defendant"), is an employer within the meaning of 42 U.S.C. § 2000e(a) and (b). At all times relevant to this action Republic has employed at least fifteen (15) or more employees.

### IV..  ADMINISTRATIVE EXHAUSTION

7.     The Plaintiff has satisfied all conditions precedent required pursuant to Title VII.  The Plaintiff timely filed her charge of discrimination with the Equal Employment Opportunity Commission and has obtained a Right-To-Sue Notice.

8.     This action is being timely filed within ninety (90) days of the Plaintiff's receipt of the above-referenced Right-To-Sue-Notice.

## V. FACTS AND CLAIMS

9. The Plaintiff began working for the Defendant in or around January 2014 and is currently a front-line supervisor. The Plaintiff has about 10 years of experience in the parking systems industry.

10. In July 2014, a white male was hired and immediately promoted to the position of Assistant Manager. At that time the Plaintiff was team lead and would have applied for the position of Assistant Manager if the position had been posted for open bid, which it was not. Plaintiff was qualified the Assistant Manager position as she had performed the duties and responsibilities associated with the position before the white male was hired.

11. Plaintiff complained about this unfair and discriminatory job action but never received a response to any of her questions regarding the filling of the position. Later, because of a military obligation, the white male Assistant Manager had to vacate the position.

12. Again the Plaintiff was not considered for the Assistant Manager's position and the white male individual who was the incumbent began training another white male to replace him. By this time the Plaintiff had attained the rank of supervisor and the white male receiving training was a Team Lead working under her leadership. The Plaintiff never received any training for this position.

13. The Plaintiff asked the General Manager why she was not being considered for the Assistant Manager's position and was told that he needed to "soften up the look up front by putting a white face up there." When the Plaintiff asked what the General Manager meant, she was told that, "the whole staff up front is black and they all have an aggressive look."

14. After she complained about not being considered for the Assistant Manager position, the Defendant did not fill it, however, it now requires the Plaintiff to perform the duties and responsibilities of the position without any increase in pay or title. The Defendant is refusing the fill the position because the Plaintiff, an African-American female, is the most qualified for it. However, due to the Defendant's stated preference for white males for the position of Assistant General manager it remains vacant.

## COUNT ONE - RACE DISCRIMINATION
## IN VIOLATION OF TITLE VII AND 42 U.S.C. §1981

15. The Plaintiff realleges and incorporates by reference paragraphs 1- 14 above with the same force and effect as if fully set out in specific detail hereinbelow.

16. The Defendant intentionally and maliciously discriminated against the Plaintiff based on her race, African-American, by denying her raise(s), failing to promote her, demoting her, denying her training, and discriminatorily assigning her

job duties.

17. As the result of the Defendant's conduct the Plaintiff was deprived of income and other benefits. Plaintiff also suffered embarrassment, humiliation, inconvenience, and mental distress.

18. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, backpay, an injunction, and compensatory and punitive damages is her only means of securing adequate relief.

19. Plaintiff is suffering and will continue to suffer irreparable injury from the Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## COUNT ONE - SEX DISCRIMINATION
## IN VIOLATION OF TITLE VII

20. The Plaintiff realleges and incorporates by reference paragraphs 1-19 above with the same force and effect as if fully set out in specific detail hereinbelow.

21. The Defendant intentionally and maliciously discriminated against the Plaintiff based on her sex, female, by denying her raise(s), failing to promote her, demoting her, denying her training, and discriminatorily assigning her job duties.

22. As the result of the Defendant's conduct the plaintiff was deprived of income and other benefits. Plaintiff also suffered embarrassment, humiliation,

inconvenience, and mental distress.

23. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, backpay, an injunction, and compensatory and punitive damages is her only means of securing adequate relief.

24. Plaintiff is suffering and will continue to suffer irreparable injury from the Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

### PRAYER FOR RELIEF

**WHEREFORE,** the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant are violative of the rights of the plaintiff, as secured by Title VII and 42 U.S.C. § 1981.

2. Grant Plaintiff a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate Title VII of the Act of Congress known as "The Civil Rights Act of 1964," as amended by "The Civil Rights Act of 1991," and 42 U.S.C. § 1981.

3.  Grant the Plaintiff an order requiring the Defendant to make her whole by awarding the plaintiff reinstatement into the position she would have occupied in the absence of sex discrimination and racial discrimination by the Defendant with the same seniority, leave and other benefits of the position (or front pay), back pay (with interest), and by awarding each compensatory, punitive, and/or nominal damages, attorney's fees, costs, and expenses.

    Respectfully submitted,

    s/Roderick T. Cooks
    Roderick T. Cooks
    Counsel for Plaintiff

**OF COUNSEL:**
Winston Cooks, LLC
The Financial Center
505 20th Street North, Suite 815
Birmingham, AL 35203
Website:  www.winstoncooks.com
Contact:  (205) 502-0970
Fax:      (205) 278-5876

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE TO A JURY.**

s/Roderick T. Cooks
OF COUNSEL

**DEFENDANT'S ADDRESS:**

Republic Parking System
c/o C T CORPORATION SYSTEM
2 NORTH JACKSON STREET STE 605
MONTGOMERY, AL 36104