FILED
2019 Jun-25 PM 02:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **LEKISHA REDDICK,** | ] |
| | ] |
| **Plaintiff,** | ] |
| | ] |
| v. | ] CIVIL ACTION NO. |
| | ] 2:17-cv-00728-KOB |
| **REPUBLIC PARKING SYSTEM,** | ] |
| | ] |
| **Defendant.** | ] |

## MEMORANDUM OPINION

This employment discrimination case comes before the court on the parties' responses to the court's order to show cause why the court should not *sua sponte* dismiss this case because Plaintiff Lekisha Reddick did not timely file an EEOC charge for her Title VII race discrimination claim. (Docs. 44 and 45). This exercise will clarify that the timeliness of Ms. Reddick's EEOC charge is no longer an issue in this case.

### I.   BACKGROUND

On March 25, 2019, the court granted Defendant Republic Parking System's motion for summary judgment on all of Ms. Reddick's claims except for her race discrimination claim based on Republic's failure to promote her on July 1, 2014. (*See* Docs. 38 and 39). For this claim, as the court stated in its memorandum opinion on Republic's motion for summary judgment, Ms. Reddick presented

1

evidence that Republic did not promote her to Assistant Manager on July 1, 2014 because she is African-American based on her supervisor's statement that he needed a "white face" to "soften" the look of Republic's staff. (*See* Doc. 38 at 9–11). Ms. Reddick discovered this evidence on July 25, 2014 at the latest. (*Id.* at 12).

But Ms. Reddick did not file a charge of discrimination with the EEOC until September 22, 2015, approximately eight months after the 180-day deadline to do so under Title VII expired. *See* 42 U.S.C. § 2000e-5(e)(1). Republic did not raise this issue in its motion for summary judgment, but the court, recognizing that "the '[f]ailure to file a timely charge with the EEOC results in a bar of the claims contained in the untimely charge,'" ordered the parties to show cause why the court should not *sua sponte* dismiss this case for Ms. Reddick's failure to timely exhaust her administrative remedies. (Doc. 40 at 1) (quoting *Jordan v. City of Montgomery*, 283 F. App'x 766, 767 (11th Cir. 2008)) (quoting in turn *Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1332 (11th Cir. 2000)).

Ms. Reddick and Republic filed their responses to the court's order to show cause, so this issue is ripe for resolution. (Docs. 44 and 45, respectively). For the following reasons, the court will not dismiss Ms. Reddick's remaining race discrimination claim as untimely.

2

## II. ANALYSIS

Timely filing a charge of discrimination with the EEOC is *not* required to invoke a district court's subject matter jurisdiction over a Title VII claim. *Fort Bend Cty., Texas v. Davis*, 587 U.S. ---, 139 S. Ct. 1843, 1850 (2019). Rather, the requirement that a plaintiff timely file a charge of discrimination, "like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Sturniolo v. Sheaffer, Eaton, Inc.*, 15 F.3d 1023, 1025 (11th Cir. 1994) (quotations and citations omitted). And if a defendant fails to timely raise the defense that the plaintiff did not timely file a charge of discrimination, the defendant waives that defense and the claim supported by an untimely EEOC charge may proceed. *Fort Bend Cty.*, 139 S. Ct. at 1849–50.

District courts in the Eleventh Circuit have consistently found that a defendant waives the untimely EEOC charge defense when the defendant never specifically raises the defense in a responsive pleading, motion to dismiss, or motion for summary judgment. *See Shufford v. Alabama Medicaid Agency*, 2019 WL 386203, at *6 (M.D. Ala. Jan. 30, 2019) ("[D]efendants' motion for summary judgment is silent on the issue of administrative exhaustion. Therefore, the court deems defendants to have waived any affirmative defenses relating to the timeliness of plaintiff's EEOC charge . . . ."); *Hill v. Bd. of Sch. Comm'rs of Mobile Cty., Ala.*, 2014 WL 1604004, at *6 (S.D. Ala. Apr. 22, 2014) ("[T]he

Board did not raise this affirmative defense in either a motion to dismiss or in the motion for summary judgment. Thus, the Court finds that the Board has waived its affirmative defense of statute of limitations and its affirmative defense of failure to exhaust administrative remedies."); *Tarmas v. Mabus*, 2010 WL 3746636, at *5 (M.D. Fla. Sept. 21, 2010), *aff'd sub nom.* 433 F. App'x 754 (11th Cir. 2011) ("In its Answer, the Navy asserted as an affirmative defense that Tarmas had failed to exhaust his administrative remedies . . . and has reiterated this in its summary judgment motion as grounds for dismissal of the earlier claims. Thus, the Navy has not waived its right to assert exhaustion . . . ."); *Ham v. City of Atlanta, Georgia*, 2009 WL 10668310, at *7 (N.D. Ga. July 22, 2009), *aff'd sub nom.* 386 F. App'x 899 (11th Cir. 2010) ("[B]ecause exhaustion is not a jurisdictional requirement and is subject to waiver, defendants have waived this argument by not timely raising it in their motion for summary judgment.").

Here, Republic did not raise Ms. Reddick's untimely EEOC charge as a defense in its motion for summary judgment or in a motion to dismiss. And it did not *specifically* raise the defense in a responsive pleading. Instead, in its answer to the amended complaint, Republic only generally asserted that it "lacks information sufficient to form a belief as to the truth of Paragraph 7 of the [Amended] Complaint"—where Ms. Reddick asserted that she timely exhausted her administrative remedies—"and therefore denies same and demands strict proof

4

thereof." (Doc. 21 at 2). Also, in its answer, Republic generally contended that "Plaintiff's claims are barred by the applicable statutes of limitations or are otherwise untimely," but did not identify any statutes of limitations or explain why the claims are untimely. (*Id.* at 5).

So Republic never raised Ms. Reddick's untimely EEOC charge as a defense in this case. Because of its failure to timely do so, Republic waived the defense. The court thus has no reason to dismiss Ms. Reddick's remaining race discrimination claim that survived summary judgment.

By separate order, the court will set this case for pretrial.

**DONE** and **ORDERED** this 25th day of June, 2019.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE